**HANDCOR, INC., Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and John R. Kelley, Respondents.**

No. 75–1943.

United States Court of Appeals, Ninth Circuit.

Jan. 24, 1978.

Robert E. Babcock (argued), Portland, Or., for petitioner.

Raymond J. Conboy (argued), Portland, Or., Linda L. Carroll (argued), Washington, D. C., for respondents.

Before CHAMBERS, CARTER, and KENNEDY, Circuit Judges.

### PER CURIAM:

The scope of coverage of the Longshoremen's and Harbor Workers' Compensation Act (Act), 33 U.S.C. § 901 *et seq.* (1970 & Supp. V 1975), is the sole issue raised by this appeal. *Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977), is dispositive.

At the time of his injury, Kelley, the claimant, was employed by Handcor, Inc. as a member of a "stuffing" gang in a warehouse at the Port of Portland, Oregon. A stuffing gang loads cargo into the containers used in containerized shipping. The warehouse where the injury occurred is located at Berth No. 205 of Terminal No. 2 of the Port of Portland, approximately fifty to sixty feet from the water's edge. Kelley's job was to load sacks into the bin of a forklift truck in the warehouse. When loaded, the truck was driven by another member of the gang onto the wharf and the sacks were mechanically pushed into a container. The containers were then loaded aboard a vessel by workers who were not employees of Handcor. Kelley was injured while loading a 100-pound sack into the bin of a forklift truck.

Kelley filed a claim under the Act. An administrative law judge awarded compensation and the Benefits Review Board affirmed. Handcor petitions for review by this court pursuant to 33 U.S.C. § 921(a) (Supp. V 1975), contending that Kelley was not covered by the Act. We affirm the award.

A claimant is covered by the Act if he is an "employee" whose injury occurred "upon the navigable waters of the United States," as those terms and phrases are defined by the Act.[1] The two requirements are commonly called the status and situs tests, respectively.

Kelley has the requisite status under the Act. The Court in *Northeast Marine Terminal* held that a stripper, one who unloads containers, meets the status requirement. 432 U.S. at 249, 97 S.Ct. 2348. A stuffer, such as Kelley, as well as a stripper, is a maritime employee since the work of a stuffer is the functional equivalent of loading cargo aboard ship. *Id.* Handcor is thus also incorrect in its related argument that it was not an "employer any of whose employees are employed in maritime employment," as required by 33 U.S.C. § 902(4) (Supp. V 1975).

---

1. The Act provides that:

The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and shipbreaker, but such term does not include a master or member of a crew of any vessel, or any person engaged by the master to load or unload or repair any small vessel under eighteen tons net.

33 U.S.C. § 902(3) (Supp. V 1975), and that:

Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel). . . .

33 U.S.C. § 903(a) (Supp. V 1975).

Kelley satisfies the situs requirement since his injury occurred at a terminal which adjoins navigable waters of the United States. To the extent that a terminal must be one customarily used in the loading and unloading of vessels in order to satisfy the situs requirement, see *Northeast Marine Terminal,* 432 U.S. at 276–281, 97 S.Ct. at 2364–66, we agree with the conclusion of the administrative law judge that the terminal involved here was so used.

Handcor's argument that coverage of Kelley is beyond the reach of Congress' power under its admiralty and maritime jurisdiction is without merit in the light of *Northeast Marine Terminal.*

The order of the Board is AFFIRMED.